

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2009

# Miguel Garcia v. J. Grondolsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3030

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Miguel Garcia v. J. Grondolsky" (2009). *2009 Decisions.* Paper 368.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/368

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3030
_____

MIGUEL NIEVES GARCIA,
                                        Appellant
v.

J. GRONDOLSKY, Warden F.C.I., Fort Dix
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-00783)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
Submitted September 30, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed: October 28, 2009)

_____

OPINION
_____

PER CURIAM.

        This is an appeal from the District Court's dismissal of Miguel Nieves

Garcia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  We will

1

summarily affirm.  See I.O.P. 10.6.

In 1995 the United Stated District Court for the Eastern District of Wisconsin sentenced Garcia to an aggregate term of imprisonment of 360 months for various drug charges.  The Court of Appeals for the Seventh Circuit affirmed his conviction.  United States v. Garcia, 89 F.3d 362 (7th Cir. 1996).  Garcia then filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  The trial court denied the motion and the Seventh Circuit denied his request for a certificate of appealability.

On February 18, 2009, Garcia filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In the petition, Garcia challenged his classification as a career offender, arguing that a 1972 conviction should not have counted as a predicate offense.  The District Court denied his petition and Garcia filed a timely notice of appeal to this Court.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).  We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  Upon review, we agree with the District Court's dismissal.

2

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.

Here, as the District Court held, Garcia has not established that a § 2255 motion is inadequate or ineffective to test the legality of his detention. Garcia raised the career offender claim on direct appeal. See Garcia, 89 F.3d at 366. Further, he apparently raised the claim in his § 2255 motion but he alleges that the Wisconsin District Court "unreasonably held his § 2255 motion to the strict compliance with its procedural rules." (Petition at 12.) However, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 539. Neither the Seventh Circuit's rejection of that claim on direct appeal nor the District Court's dismissal of the claim for procedural violations renders § 2255 inadequate. Id.

Therefore, the District Court properly determined that it lacked jurisdiction

3

under § 2241 to hear Garcia's claim. Further, the District Court also correctly construed his petition as a second or successive § 2255 motion and held that it also lacked jurisdiction over such a motion. We agree that the interests of justice did not require the District Court to transfer the petition to the Seventh Circuit. See 28 U.S.C. § 1631.

For the foregoing reasons, we will summarily affirm the District Court's order.